No. ——

First Circuit

BRADSHAW v. WILLIAMS

(January 28, 1926. Opinion and Decree.)
(March 2, 1926. Rehearing Refused.)

(*Syllabus by the Editor.*)

7. Louisiana Digest—Evidence—Par. 333, 334; Sales—Par. 23.

Although a verbal sale of movable property is good against the vendor or

vendee who confesses it under oath, the confession of a third person who is neither the vendor nor vendee cannot possibly prove a verbal sale by admission of ownership.

Appeal from Vernon Parish, Hon. Hal A. Burgess, Judge.

Action by W. B. Bradshaw against J. L. Williams, et al.

There was judgment perpetuating injunction to arrest the sale of property seized under a judgment.

Dowden, one of the defendants, appealed.

Judgment affirmed.

P. L. Ferguson, of Leesville, attorney for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

MOUTON, J. Plaintiff owned the timber on two tracts of land, known as the Tovery and Jenkins tracts, which he acquired by purchase. J. M. Cook cut 98 stick of pilings and 226 crossties from this timber. These pilings and ties were seized under a judgment Dowden had obtained against Cook in a justice of the peace court.

Plaintiff herein brought suit in the district court of Vernon parish, claiming the ownership of these pilings and ties, and asking for an injunction to arrest the sale thereof. The lower court decreed him the owner and perpetuated the injunction.

Dowden appeals.

The crossties have dropped out of the case, thus restricting the issue to the pilings.

Most of the pilings, if not all, came from the Jenkins tract. However this may be, it is certain they were from timber which had been acquired by plaintiff, and which stood in his name when felled by Cook. There is no proof in the record that the title to this timber was ever transferred by plaintiff to Cook by any act of sale, exchange or by any other.

Plaintiff says he took care of the barber, laundry and board bills of Cook. It must therefore be inferred that their relations were very friendly and intimate. He says, prior to his purchase of the timber, Cook's account with him was something near $380.00; that Cook came up to him and said: "I think I see a way I can pay you"; and said, if plaintiff would put up the money to buy the timber, he would go ahead, work it off and apply it to plaintiff's account. The timber was then bought by plaintiff, and Cook was put to work in it.

The record shows plaintiff made all the advances for the exploitations of the timber by Cook. Plaintiff and Cook both say the profits realized therefrom were to be applied to Cook's credit. The pilings as they were cut were all shipped in the name of plaintiff, and were sold by him. There is nothing here suggestive of any change of ownership in the timber from plaintiff to Cook. Plaintiff admits if Cook had made a success of the undertaking he would have paid his debt to him, and that he made the purchase to give Cook a chance to repay him. In

the record it is repeatedly stated that the profits Cook was expected to make would be applied to his credit. These statements are a little confusing, but which arises from the way they are stated. Properly analyzed, however, they were intended to convey the meaning that the profits were to go to Cook with a view of paying his indebtedness. Instead of wiping off his debt from what he realized from the timber, Cook's account continued to increase and had reached the amount of $800.00 or $1000.00 when the pilings were seized. The constable and justice in whose court Dowden obtained his judgment say that Cook, testifying in the case, stated Bradshaw was financing him in the pilings business and which, he said, he was operating in Bradshaw's name on account of judgments which were hanging over him. Cook denies that he so testified. Counsel for Dowden, seizing creditor, says a verbal sale of immovable property is good against the vendor or vendee who confesses it under oath, citing Larido vs. Perkins, 132 La. 669, 61 South. 728. This is true. Whether the property be movable or immovable such a confession binds either vendor or vendee. If Cook had been the vendee or owner of the timber, if he made the confession ascribed to him, he would have been bound thereby. The trouble is he was not the vendee, and his admission could in no way bind, Bradshaw, the plaintiff herein. Bradshaw has made no such admission and stoutly asserts his ownership to the pilings. The admissions of Cook, even if accepted as true, cannot be given the effect of dispossessing Bradshaw of his title thereto. Such being the situation, the pilings were correctly decreed the property of Bradshaw and the injunction was properly perpetuated.